## PAID UP CERTIFICATE HOLDER IN BUILDING ASSOCIATION SUBJECT TO ALL THE LIABILITIES OF MEMBERSHIP.

[Superior Court of Cincinnati, General Term.

ANNA SPAETH V. THE EQUALITY BUILDING ASSOCIATION COMPANY.

Decided, June 6, 1902.

*Building Associations—Act of 1886—Paid up Stock—Liability of One Holding.*

The acceptance of a certificate of paid up stock in a building association, and the drawing of dividends thereon for a considerable period, until insolvency has intervened and a receiver has been appointed to wind up the affairs of the association, constitutes the holder of such certificate a member of the association and subject to all the liabilities attaching to membership; and this is true notwithstanding the association may have been without power to issue such a certificate.

DEMPSEY, J.; SMITH, J., FERRIS, J

The vital question in this case is, what rights and liabilities accrued to Anna Spaeth by the issuance to her and the acceptance by her of the certificates of paid up stock set forth in the pleadings and evidence? We have not found it necessary to pass upon the question as to whether the act of May, 1886, conferred power upon building associations to issue paid up stock, nor upon the question, assuming they had such power under said act, whether it was necessary for associations operating under the former laws to amend their constitutions in order to take advantage of the act of 1886.

If we concede for the purpose of this case that the defendant association did in fact have full power to issue this paid up stock, then the judgment of the court at special term for the defendant association, was right.

If, on the other hand, however, it be conceded that the defendant association had no power to issue this paid up stock, that its action in that behalf was *ultra vires*, still we are of the opinion that under the principles enunciated by the Supreme Court of

the United States in *Banigan* v. *Bard,* 134 U. S., 291, the action of the court at special term was right.

At the various times that the plaintiff below acquired these certificates, she was, in law, presumed to have known of their invalidity, as much so as the defendant association and its directors and stockholders.   Nevertheless, she continued to hold them and to draw and accept the dividends declared and paid thereon.   She knew that the certificates purported to constitute her a member and a stockholder, and her retention of them and acceptance of dividends thereon was evidence of her intention to be considered a member and stockholder, and, consequently, amenable to the obligations of members and stockholders.   Her conduct was a holding out by herself to the defendant association, and through the directors thereof, to the other stockholders and to the creditors of the association that she was a member and stockholder.

Now, while it is true that she might have repudiated the membership, and recovered back the consideration paid for the certificates, this right of repudiation and rescission has its limitations and must be exercised within a reasonable time.   Under the doctrine laid down in *Banigan* v. *Bard, supra,* we think she comes too late with her repudiation, inasmuch as insolvency had intervened, and a receiver had been appointed for liquidation before she attempted to assert her right of rescission.   We think this conclusion is in consonance with the equities of this case as displayed by the evidence, for when we consider the length of time this plaintiff held these certificates, and the fluctuating character of building association membership, it would be manifestly unjust that the later accessions should be compelled to pay her claims, when in truth and in fact she considered herself a member, and received profits, by way of dividends, on the theory, acted upon by herself and the directory, that she was a member.

The judgment below will be affirmed.

*E. R. Donohue, S. K. Henshaw,* for plaintiff in error.

*W. H. Jones, A. W. Bruck,* contra.